IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT J. DAVIS, #15022999 | § | |
|                   Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-3957-K-BK |
| | § | |
| CRIMINAL JUDICIAL DISTRICT | § | |
| COURT NO. 1, | § | |
|                   Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of mandamus was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed.[1]

Petitioner requests mandamus relief to compel the Judge of Criminal District Court No. 1 to reverse his recent state convictions and release him from custody. Doc. 3 at 3-5. However, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-1276 (5th Cir. 1973). Here, the petition can be construed only to seek mandamus relief against the state trial judge – namely compelling him to vacate his state convictions. Accordingly, Petitioner's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357

---

[1] The Court takes judicial notice of the November 16, 2015 order granting *in forma pauperis* status in *Davis v. Valdez, et al.*, No. 3:15-CV-3396-K-BK (N.D. Tex.). The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for *writ of mandamus* stemming from a state criminal proceeding such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (mandamus petition that arose from state post-conviction application was not subject to fee payment requirements of section 1915).

(5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties); 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (providing for *sua sponte* dismissal when an action is frivolous or malicious, or fails to state a claim upon which relief may be granted).[2]

SIGNED January 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] On November 12, 2015, Petitioner pled guilty to tampering with evidence and possession of a controlled substance and was sentenced to concurrent seven-year terms of imprisonment.  *See State v. Davis*, Nos. F1523791 F1523792, *Judgment* (Criminal District Court No. 1, Nov. 12, 2015, available at http://courtecom.dallascounty.org/pav/.  On December 11, 2015, he filed a habeas corpus petition challenging his convictions in this Court.  *See Davis v. Stephens*, No. 3:15-CV-03952-D-BH (N.D. Tex.) (pending screening).